**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTONIO ADVINCULA,

           Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY, et al.,

           Defendants.

Case No. 2:07-cv-00517-LDG-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

(Mtn Sanctions - #27)

This matter is before the court on defendant Allstate Insurance Company's ("Allstate") Motion for Sanctions (#27) filed February 28, 2008. Counsel for plaintiff Antonio Advincula filed an Affidavit of Compliance (#28) the same day. No response was filed and the time for filing one has run. The court has considered the motion and the affidavit, and makes the following findings.

1. The complaint in this case arises out of an automobile accident involving Advincula and Monique Tenes on June 3, 2006. Advincula was insured by Allstate for $15,000 per person and $30,000 per occurrence, and demanded that Allstate tender its under/uninsured motorist coverage. After Allstate refused, Advincula filed suit in state court against Allstate asserting causes of action for bad faith, breach of contract, and breach of the covenant of good faith and fair dealing. Allstate removed this case to this court (#1) on April 19, 2007. Allstate filed an answer (#4) to the complaint on April 27, 2007.

2. The parties stipulated to the dismissal of Advincula's extra-contractual claims and to submit to binding arbitration, which the court approved (## 9, 10, 11).

3. On December 11, 2007, Allstate filed a Motion to Compel Discovery Responses and for Sanctions (#21), claiming it had served interrogatories and requests for production on

        Advincula on June 19, 2007, but did not receive any responses to these requests. In response (#23), counsel for Advincula stated that he had been unable to contact plaintiff despite several attempts to do so.

4. In an order (#24) entered January 18, 2008, the court granted the Motion to Compel and required Advincula to fully and completely respond to Allstate's interrogatories and requests for production of documents within thirty (30) days of the court's order. The order also required counsel for Advincula to serve a copy of the court's order on Advincula at his last known address and advised Advincula that failure to fully and completely comply with the court's order would result in a recommendation to the District Judge that the case be dismissed for his failure to engage in discovery, failure to communicate with counsel, failure to prosecute, and failure to comply with the court's order.

5. Allstate filed the instant motion (#27) on February 28, 2008, claiming that Advincula still has not responded to its discovery requests, failed to comply with this court's order, and has not requested an extension of time to comply or made any partial attempts at compliance. Allstate requests that this court recommend dismissal of the action pursuant to this court's previous order (#24).

6. Counsel for Advincula's Affidavit of Compliance (#28) represents that he has made several unsuccessful attempts to serve Advincula at his last known address with a copy of the court's order (#24) and a letter requesting that Advincula contact the office of counsel for Advincula. The affidavit states that two attempts to personally serve Advincula were unsuccessful, and that counsel for Advincula sent the letter and copy of the court's order to Advincula by certified mail/return receipt requested. The certified mail and return receipt requested was returned and marked as "returned," "unclaimed."

7. Rule 37(b) of the Federal Rules of Civil Procedure authorizes a court to impose litigation-ending sanctions for a party's failure to obey a court's discovery order. A court also has the inherent authority to dismiss actions or enter default judgments for

/ / /

failure to prosecute, contempt of court, or abusive litigation practices.  <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 916 (9th Cir. 1987) (citations omitted).

8. Advincula has failed to engage in discovery, communicate with counsel, prosecute this action, and comply with the court's order (#24).  He has not responded to Allstate's discovery requests, his attorney's numerous attempts to contact him, or the instant motion (#27).  Counsel for Advincula made numerous unsuccessful attempts to serve his client at his last known address with a copy of the court's order and a letter requesting that Advincula contact his office.  Advincula has not filed a notice of change of address with the court or requested any extensions of time to respond to Allstate's discovery requests or comply with the court's order.  Avincula's conduct has delayed the proceedings, prohibited the court from hearing this case, interfered with the court's timely management of its docket, and threatened the integrity of the court's orders.

Based on the foregoing and for good cause,

**IT IS RECOMMENDED** that Allstate's Motion for Sanctions (#27) be GRANTED and this action be DISMISSED without prejudice.

Dated this 20th day of March, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE